IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

      Plaintiff,                No. 2:12-cv-1295 KJM GGH P

    vs.

EARVIN (MAGIC) JOHNSON et al.,

      Defendants.       ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed an undated civil rights action pursuant to 42 U.S.C. § 1983, alleging violation of his First, Fifth and Fourteenth Amendment rights by plaintiff's wife and Earvin (Magic) Johnson, the defendants.

        On July 10, 2012, the court directed plaintiff either to pay the filing fee, or to move to proceed in forma pauperis. <u>See</u> Doc. No. 7. Plaintiff has moved to proceed in forma pauperis. <u>See</u> Doc. No. 8.

        "Three Strikes"

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits

\\\\\

\\\\\

1

an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).

As noted in the court's July 10, 2012 order, it appears that plaintiff may not be eligible to proceed under 28 U.S.C. § 1915, since court records, of which this court takes judicial notice,[1] indicate that plaintiff has three strikes, as that phrase is defined in 28 U.S.C. § 1915(g), and has not alleged that he is eligible for any statutory exceptions.  See Dupree v. United States Copyright Office, 2:11-cv-1700 WBS KJN P, Doc. No. 11, Order filed July 28, 2011 (designating action as plaintiff's "third strike" under 28 U.S.C. § 1915(g)).[2]  See also Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999) (plain language of § 1915(g) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Since the district court's decision in Dupree v. United States Copyright Office, the Ninth Circuit has decided Silva v. Di Vittorio, in which the court held that a district court's dismissal of a case does not count as a strike under § 1915(g) until the litigant has exhausted or waived an opportunity to appeal.  See 658 F.3d 1090, 1100 (9th Cir. 2011).  This court's review of the dockets for each of this plaintiff's underlying "strikes" reflects that, in each, the time for plaintiff to exhaust his appeals through the Court of Appeals and the United States Supreme Court had expired before May 14, 2012, when this complaint was filed.

has brought three frivolous actions and/or appeals (or any combination thereof totaling three)).

### "Imminent Danger" Exception

"Under the PLRA, prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g).  See also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff does not allege that he was under imminent danger at the time of the filing of the complaint.  Instead, he alleges that his wife had an extra-marital affair with defendant Johnson, that the two are members of a satellite organization and have constantly monitored plaintiff in his cell, and that they have stolen plaintiff's credit card protection trade secret.  As damages, plaintiff seeks to be released from prison, and ten million dollars.  Plaintiff's allegations fail to establish that he was under imminent danger of serious physical injury at the time of filing the complaint.

### This Complaint is Frivolous

Moreover, the current action is frivolous and fails to state a claim upon which relief can be granted, because neither defendant is alleged to be acting under color of state law. See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties are generally not acting under state color of state law).  As noted above, plaintiff alleges that his wife had an extra-marital affair with defendant Johnson, that the two are members of a satellite organization and have constantly monitored plaintiff in his cell, and that they have stolen plaintiff's credit card protection trade secret.  As damages, plaintiff seeks to be released from prison, and ten million dollars.  Because plaintiff has not alleged that his wife or Johnson subjected plaintiff to a deprivation of his rights while acting "under color of any statute, ordinance, regulation, custom

or usage, of any State of Territory....," relief under 42 U.S.C. § 1983 is not available to plaintiff against these defendants.

Accordingly, IT IS ORDERED that:

1. Plaintiff, within twenty-eight days, must show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action;

2. In the alternative, plaintiff must submit the entire filing fee of $350.00, within twenty-eight days of the date of this order.

3. Failure to comply with this order will result in dismissal of this action.

DATED: September 24, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
dupr1295.3strikes